(No. 19781.

GEORGE W. KELLNER *et al.* Exrs., Defendants in Error, *vs.* GEORGE K. SCHMIDT, Exr., Plaintiff in Error.

*Opinion filed February 21, 1930.*

MILLER, GORHAM & WALES, for plaintiff in error.

AUSTIN L. WYMAN, for defendants in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

George K. Schmidt, as surviving executor of the last will and testament of Kaspar G. Schmidt, deceased, filed his final account as such executor in the county court of

Cook county. After a hearing thereon an order was entered, from which an appeal was taken to the circuit court of Cook county, where, after a hearing, a decree was entered, and an appeal was taken to the Appellate Court for the First District by Schmidt, as such executor, from portions of such decree. Upon hearing in the Appellate Court, as appears from the opinion filed in the cause and reported in *Wahl* v. *Schmidt,* 237 Ill. App. 372, the decree of the circuit court was reversed "as to the following items of the executor's account, to-wit: (1) All items referring to advancements made to Barbara E. Kellner, to excess payments to her of income thereon and to over-payment to her of partial distribution and interest thereon; (2) the item charging the executor with $7500 as the 'balance of $15,000 taken by George K. Schmidt from his father's bank account on December 2, 1898,' and the three interest items immediately following, viz., $16,821, $2253.49 and $902.89; and (3) all the items, aggregating $15,850.49, charged to the executor by virtue of the so-called blanket-appeal items of Mrs. Kellner. As to all such items the cause is also remanded, with directions to the circuit court to re-state the account as to all such matters in accordance with the views hereinabove expressed. In all other respects the decree of the circuit court with reference to the executor's final account is affirmed." Upon petition to this court for a writ of *certiorari* the writ was denied. After the cause was re-docketed in the circuit court a hearing was had in that court and a decree entered, from which an appeal was taken to the Appellate Court for the First District by George W. Kellner and Talitha H. Kellner, as executors of the last will and testament of Barbara E. Kellner, deceased. The Appellate Court reversed the decree of the circuit court and remanded the cause, with directions for a re-statement of the account in conformity with the views expressed in the opinion. The cause is now here by leave of this court upon *certiorari.*

Kaspar G. Schmidt died testate on December 10, 1898, leaving him surviving three married daughters and one son, viz., George K. Schmidt, Mrs. Barbara E. Kellner, (now deceased,) Mrs. Katherine Herbert and Mrs. Edna Wahl. By his last will and testament he appointed his son, George K. Schmidt, his son-in-law George W. Kellner, and his nephew Charles J. Schmidt, executors of his will and trustees of his estate, and devised and bequeathed to them all his property (subject to the payment of certain specified legacies and to a specific devise of certain real estate to such of his grandchildren as might be living in 1915) in trust, to be held by them for a period of fifteen years after his death, during which period the net income of his estate was to be paid to his four children, and at the end of that time to divide the residue of the estate among his children, "one-fourth to each, after the irregularities now existing by reason of advancements shall have been adjusted."

The seventh clause of the testator's will provides: "But I also direct that the shares of my daughters Barbara Elizabeth Kellner and Katherine Herbert shall be charged with ten shares of the capital stock of the K. G. Schmidt Brewing Company and $6000 in cash each, I having heretofore advanced such amounts to them or their respective husbands; and if hereafter I shall make any similar advancement to them or to either of my other two children, I direct that such advancement shall in like manner be deducted from his or her distributive share of my estate, it being my wish to treat all my children alike in all respects. And in the distribution of my estate I direct that my shares of the capital stock of the K. G. Schmidt Brewing Company shall be divided in kind, and that those of my children to whom or to whose husband any shares of said stock shall have been advanced as aforesaid, shall be charged with the number of shares advanced the same as though they were received at the time of such distribu-

tion. And during the said period of fifteen years I direct that all of the net income of my estate shall be paid to my said children in the same proportion in which they will share in the final distribution of my estate,—that is, one-fourth to each after the irregularities now existing by reason of advancements shall have been adjusted."

In the original decree the circuit court ordered the executor's account to be re-stated as to Mrs. Kellner, as follows:

*"Recapitulation*

| | | |
|---|---:|---:|
| Receipts | $1,874,246.40 | |
| Less credits to executor | 295,776.09 | |
| | | $1,378,470.31 |
| Disbursements | | 1,342,864.66 |
| Balance in hands of surviving executor | | $225,605.65 |

*"Table of distribution as to executor's accounts*

| | | |
|---|---|---:|
| 1. | Balance in hands of surviving executor | $235,088.94 |
| 2. | Advancements to Kate E. Herbert, specified in will | 6,460.70 |
| 3. | Excess payments of income thereon | 4,851.24 |
| 4. | Advancements to Barbara E. Kellner, specified in the will | 6,460.70 |
| 5. | Excess payments of income thereon | 4,851.24 |
| | Total for purpose of distribution | $258,229.53 |

*"Table of distribution as to estate of Barbara E. Kellner*

| | | |
|---|---:|---:|
| One-fourth amount for distribution | $64,557.38 | |
| Add thereto the following: | | |
| Under-payment of partial distribution | 6,703.12 | |
| Interest thereon at 5% from 10-15-15 to date | 2,742.70 | |
| | | $74,003.20 |

*"Deductions*

| | | |
|---|---:|---:|
| Advancements specified in will (cash $6000 and brewery stock $460.70) | $6,460.70 | |
| Excess payment of income on amount of such advancements for the period from 12-10-99 to 12-10-14 | 4,851.24 | |
| Additional share of Judge Gregg payment | 75.00 | |
| Interest on above from 12-17-15 to date | 30.04 | |
| | | 11,416.98 |
| Cash balance to be paid executors of the will of Barbara E. Kellner, deceased | | $62,586.22" |

Upon the appeal by Schmidt, the plaintiff in error here, to the Appellate Court, that court found that Barbara E. Kellner should be charged with the sum of $31,360.30 for shares in the brewing company and $6000 in cash, so that the first item under the head of "Deductions" would amount to $37,360.30 instead of $6460.70, as was stated in the decree of the circuit court. This finding would, of course, necessitate a corresponding change to be made in the second item of the deductions, which was stated to be $4851.24 in the original decree. The circuit court in its second decree, which is the one now before us for review, re-stated the account between the parties to be as shown by the following statement, viz.:

*"Executor's accounting with the executors of the will of Barbara E. Kellner, re-figures to October 26, 1928*

| | | |
|---|---:|---:|
| Balance on hand of surviving executor, as found by final decree of December 22, 1923 | | $235,605.00 |
| The following items are deducted from this by the decree of the Appellate Court: | | |
| Partnership | $7,500.00 | |
| Interest | 16,821.00 | |
| Interest | 2,253.00 | |
| Interest | 903.00 | |
| And blanket appeal items | 15,850.49 | |
| Total | | 43,326.49 |
| | | $192,278.50 |
| Less also premiums on executor's bond since 1922, six years at $200 a year | | 1,200.00 |
| Balance in hands of surviving executor | | $191,078.51 |

*"Table of distribution as to executor's accounts*

| | |
|---|---:|
| 1. Balance in hands of surviving executor | $191,078.51 |
| 2. Advancements to Kate E. Herbert specified in will | 6,460.70 |
| 3. Excess payments of income thereon | 4,851.24 |
| 4. Advancements to Barbara E. Kellner, specified in will | 37,360.00 |
| 5. Excess payments of income thereon | 28,020.00 |
| Total for purpose of distribution | $267,770.45 |

"*Table of distribution as to estate of Barbara E. Kellner:*

| | |
|---|---|
| One-fourth amount for distribution | $66,942.61 |
| Add thereto the following: | |
| Under-payment of partial distribution | 6,703.12 |
| Total | $73,645.73 |

"*Deductions*

Advancements specified in will (cash $6000. and brewery stock $31,360.30) ............$37,360.30
Excess payment of income on amount of such advancements for the period from 12-10-99 to 12-10-14 at 5% ....................... 28,020.00
Additional share of Judge Gregg payment.... 75.00
Interest on above from 12-17-25 to date of decree ............................... 30.04
——— 65,485.34
Add thereto the following: $ 8,160.39
Executor's commissions ........................... 5,500.00
Executor's commissions ........................... 750.00
$14,410.39
Interest at 5% from December 22, 1923.............. 3,490.50
$17,900.89
Kellner judgment of $845.92, with interest at 5% from October 5, 1925, to date of decree, a total of ...............................$1,193.21
Interest thereon at 5% from December, 1923 289.04
——— 1,482.25
Grand total ......................... $19,383.14"

Defendants in error in their brief and argument say: "We assume that on this appeal there is probably only one question, and that is whether or not the circuit court correctly construed the mandate of the Appellate Court in cause No. 29360 therein." That cause was the one in which the opinion in *Wahl* v. *Schmidt, supra,* was filed. The question is whether, in accordance with the mandate of the Appellate Court, the circuit court should have fixed the excess payment of income on the amount of advancements from December 10, 1899, to December 10, 1914, at five per cent on the $37,360.30 advancement, or should have re-opened the cause to take testimony as to the rate earned by the estate during such period.

On the first hearing in the circuit court, after the amount of advancements chargeable to Barbara E. Kellner had been fixed by the court at $6460.70, it was agreed by counsel for the respective parties that for the purpose of expediting the entrance of the decree, using the amount of $6460.70 as a basis, the amount of excess payments of income on such advancements for the period from December 10, 1899, to December 19, 1914, should be fixed in the decree at $4851.21. This amount was obtained by figuring interest at the rate of five per cent per annum on $6460.70 during such period, reserving the right to Schmidt to insist the advancements should have been fixed at $37,360. Accordingly, $4851.21 was incorporated in the decree without evidence or argument. These facts are shown by the record in the present case. The Appellate Court in its first hearing upheld Schmidt's contention and fixed the amount of the advancements at $37,360.30 instead of $6460.70. This change in the amount of the advancements necessarily changed the amount of excess payments of income on these advancements. While complaint was made in the Appellate Court, on the first hearing, as to the amount of the advancements, no complaint was made as to the method of figuring the excess income based on the advancements. Naturally, the Appellate Court on that hearing accepted the method as proper and remanded the cause, on the basis of the record then before it, for a re-statement of the account in accordance with the view expressed in the opinion, only, and not for a rehearing upon a question which was not raised by either party, and which, as stated by defendants in error in their brief, might have cost over "$5000 in time and master's fees to get the mathematical rate."

Defendants in error assigned cross-error that the Appellate Court erred in failing to allow the Kellner estate credit for one-half or three-fourths of the advancements charged to Mrs. Kellner. The advancements were a proper charge against her in favor of the Kaspar Schmidt estate,

of which she was by the will only entitled to receive one-fourth on final distribution. The Herbert and Wahl shares are not before us for distribution on this appeal. Under the mandate of the Appellate Court on the first hearing we are only concerned with the re-statement of the executor's account with the Kellner estate.

In our opinion the circuit court in all respects strictly followed the mandate of the Appellate Court in re-stating the account, and its decree will be affirmed and the judgment of the Appellate Court reversed.

*Appellate Court reversed, circuit court affirmed.*